UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:_____

Aug. 16. 2017
**FILED**
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA, FLORIDA

NIKO THOMPSON,
PETITIONER,

5:17. cv. 381-0c.10 PRC

V.

FCC COLEMAN-USP #1, WARDEN ,
RESPONDENT.

_____/

### PETITIONER FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 AND MEMORANDUM OF LAW TO SUPPORT PETITIONER'S ARGUMENT

COMES NOW, the Petitioner, Niko Thomspon, hereby Pro-Se files this Petitioner for a Writ of Habeas Corupus under 28 U.S.C. § 2241 and Memorandum of Law to Support Petitioner's Argument. The Petitioner states as follows;

JURISDICTION:

A federal prisoner seeking to collaterally attack his sentence must, in most instance, pursue relief under 28 U.S.C. § 2255. Section 2255 grants federal prisoners a cause of action to challenge their sentences as unconstitutional or otherwise unlawful and delineates the procedure for adjudicating these

OCA - 8396 /$5.00

actions. Id. In addition, the so-called "saving clause" contained in § 2255(e) allows a federal court to entertain a federal prisoner's § 2241 habeas petition in the limited circumstances where the prisoner demonstrates that the remedy in § 2255 "is inadequate or ineffective to test the legality of his detention."

[The Eleventh Circuit] has held that § 2255(e) imposes a jurisdictional restriction on a federal court's power to entertain a § 2241 Petitioner. <u>Williams V. Warden, Fed. Bureau of Prisons</u>, 713 F.3d 1332, 1337 (11th Cir. 2013), cert. denied sub nom. <u>Williams V. Hasting,</u> ___ U.S. ___ 135 S. Ct. 52, 190 L. Ed. 2d 29 (2014).


CLAIM ONE: IN LIGHT OF <u>MATHIS V. UNITED STATES</u>, 136 S. CT. 2243 (2016), THE PETITIONER'S CONVICTION UNDER FLA. STAT. § 893.13(1) (A) DOES NOT MET THE DEFINITION UNDER THE TERM SERIOUS DRUG OFFENSE AS DEFINE IN 18 U.S.C. 924(E). THEREFORE, THE PETITIONER IS ACTUAL INNOCENT OF BEING AN ARMED CAREER CRIMINAL.

Under the term "Serious Drug Offense" in 924(e)(ii), it means an ofense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance ... . The Petitioner in his federal offense, was deem an Armed Career Criminal for have two conviction under Fla. Stat. 893.13(1)(a). In reviewing Florida State 893.13(1)(a) and (2)(a), the court can determined that, Fla. Sta. 893.13(1)(a) is an indivisible statute, for it holds in part ...

2

"To prove the crime of (crime charged), the State must prove the following three elements beyond a reasonable doubt:

1. (Defendant) [sold][manufactured][delivered][purchased] [possessed with intent to sell][manufacture][delivery] [purchase]] a certain substance."

Since Fla. Stat. 893.13 is indivisible statute, the court must apply the categorical approach under Descamps V. United States, 133 S. Ct. 2275 (2013), which is "the law of the land" and "must be followed." United States V. Howard, 73 F.3d 1334, n.2 (11th Cir. 2014). Once those elements are identified, the court must "presume that the conviction 'rested upon nothing more than the least of the acts', criminalized." Mocrieffe V. Holder, 133 S. Ct. 1678 (2011). See also Gonzales V. Duenas-Alvarez, 549 U.S. 183 (2007)(requiring "a realistic probability, not a theoretical possibility, that the state would apply its statute to conduct that falls outside" the standard).

In Mathis V. United States, 136 S. Ct. 2243 (2016), the United States Supreme Court resolved a federal circuit split and reaffirmed that when a statute defines only one crime, with one set of elements, but which lists alternative ways or mean by which a defendant can satisfy those elements, and those means are broader than a qualifying (i.e. generic) offense, a sentencing court must apply the categorical approach and is prohibited from examining the facts underlying the defendant's actual conduct.

Now, in reviewing the least criminalized act, which is purchased. Under the definition of "Serious Drug Offense" purchased is not included. The Petitioner asserts that, this is not the first time the Eleventh Circuit determined purchased can not be used. See United States V. Shannon, 631 F.3d 1187 (11th Cir. 2011); United States V. Hernandez, 145 F.3d 1433 (11th Cir. 1998).

Therefore, since purchase/purchased cannot be used, the is actually innocent of being an Armed Career Criminal and therefore, the Petitioner must be resentence without being an Armed Career Criminal.

BRYANT TEST:

Notably, § 2255(h) prohibits federal prisoners from filing second and successive § 2255 petitions unless there is newly discovered evidence or a new rule of constitutional made retroactive to cases on collateral review by the Supreme Court. In the past, the Petitioner subject to § 2255(h)'s bar argued that they met the savings clause because § 2255(h), in and of itself, rendered § 2255 inadequate or ineffective to test the legality of their detention. [The Eleventh Circuit] rejected that proposition. Gilbert V. United States, 640 F.3d 1293, 1307-09 (11th Cir. 2011)(en banc). In Gilbert, we held that "the

4

savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." Id. at 1323.

But that does not mean that a federal prisoner sentenced to a term of imprisonment longer than the statutory maximum under the ACCA may not pursue a § 2241 petition, even though he is subject to § 2255(h)'s bar. Following our decision in Gilbert, we formulated a five-part test that a petitioner must sat sfy in order to meet the saving clause and endow a federal court with jurisdiction to entertain his § 2241 petitioner. See Bryant V. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1274 (11th Cir. 2013). The Bryant test requires a petitioner to show all of the following;


(1) Throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent squarely foreclosed him from challenging the ACCA-predicate.


The Petitioner's argument was foreclosed by United States V. Pitts, 394 Fed. Appx. 680 (11th Cir. 2010). See also United States V. James, 430 F.3d 1150 (11th Cir. 2005). Both cases only apply the modified categorical approach to indivisible statute (Fla. Stat. 893.13(1)(a)). Also, the Petitioner's conviction became final, before Mocrieffe.

(2) Subsequent to his first § 2255 proceeding, [a] Supreme Court [] decision ..., as extended by this Court to [his] distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed [his] § 924(e) claim.

Although, <u>Descamps</u> did not overrule <u>Pitts</u> and <u>James,</u> it explained how court should apply the modified categorical approach to the divisible statute, and the categorical approach to the indivisible statute.

(3) The New Rule announced in [Supreme Court case] applies retroactively on collateral review;

Mathis is retroactively applies on collateral review, base on Descamps. See <u>May V. United States,</u> 817 F.3d 728, 734 (11th Cir. 2016)(Applying Descamps retroactively to cases on collateral review)[1]. See also <u>In Re Griffin,</u> 823 F.3d 1350 (11th Cir. 2016) (Descamps is not retroactive for purposes of a second or successive § 2255 motion).

(4) As a result of [The Supreme Court case's] new rule being retroactive, [his] current sentence exceeds the 10-year statutory maximum authorized by Congress in § 924(a);

By removing the two prior conviction for Fla. Stat. 893.13 (1)(a), the will no longer be eligible for the ACCA enhancement for the PSI used those two prior as three needed for the ACCA enhancement.

---

*1. See Exhibit A

6

(5) The Saving Clause in § 2255(e) reaches his pure § 924(e)[] error claim of illegal detention above the statutory maximum penalty in § 924(a).

The Petitioner asserts that, he could not have raised this issue as explained in 1-4. Therefore the Petitioner is entitled to relief.

## CONCLUSION

WHEREFORE, the Petitioner should be resentence without the ACCA enhancement.

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that the foregoing is a true and correct copy that was mailed/hand delivered to the Clerks of Court, 207 NorthWest Second Street, Suite 337, Ocala, FL 35575-6693 on this 16 day of August 2017.

Niko Thompson

Niko Thompson

ATTACHMENT A

Under the term "Serious Drug Offense" in 18 U.S.C. 924(e), it means an offense under State Law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a contolled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more prescribed by law." When I was sentence, I was determined an Armed Career Criminal, due to my two conviction of Florida Statute Section 893.13(1)(a). In reviewing Fla. Stat. 893.13(1)(a), the court can conclude that it is an indivisible statute, which a categorical approach.

The Elements of Fla. Stat. 893.13(1)(a) are ... [sold][manufactured][delivered][purchased] [possessed with intent to sell][manufacture][delivered][purchases]] a certain substance. In assuming the Petitioner committed the least criminalized act, which would be purchase. Therefore, merely purchasing drugs, is not an offense under the term "Serious Drug Offense,"as defined in 924(e).

As the reason stated above, the Petitioner is not an Armed Career Criminal and per Mathis, and is actual innocent of being an Armed Career Criminal. And should be resentence without the Armed Career Criminal enhancement.

EX-A

F.Supp.2d ___, 2014 WL 1931814 (S.D. Tex. 2014)("While no circuit court has addressed the issue, the district courts that have done so consistently hold that <u>Descamps</u> does not apply retroactively to cases on collateral review.")(citations omitted); <u>Harr v. United States</u>, 2014 WL 1674085 (C.D. Ill. 2014)("<u>Descamps</u> did not announce a new rule, but rather reaffirmed existing Supreme Court precedent while rejecting the Ninth Circuit Court of Appeal's departure from established Supreme Court caselaw."). Thus, movant is not entitled to vacatur of his sentences on the basis of the <u>Descamps</u> opinion as it is not applicable to cases on collateral review.

## VI. <u>Certificate of Appealability</u>

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A §2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." <u>See</u> Fed.R.App.P. 22(b)(1). Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. <u>See</u> 28 U.S.C. §2255 Rule 11(b).

However, "[A] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2255 movant must demonstrate "that reasonable jurists could debate

EX-A

establishing the rules for determining when a defendant's prior conviction qualifies as one of the enumerated predicate offenses set forth in the Armed Career Criminal Act, 18 U.S.C. §924 ("ACCA"). In <u>Taylor v. United States</u>, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the Supreme Court adopted a "categorical approach," requiring sentencing courts to look at the statutory elements of the defendant's prior offenses, not the facts underlying those convictions. <u>See</u> <u>Descamps</u>, 133 S.Ct. At 2283-84 (discussing <u>Taylor</u>). The Court's <u>Taylor</u> decision also developed the "modified categorical approach," which allows sentencing courts to look beyond the statutory elements to "the charging paper and jury instructions" used in a case where the defendant's prior conviction is for violating a "divisible statute." <u>Descamps</u>, 133 S.Ct. at 2282-85 (discussing <u>Taylor</u> and <u>Shepard v. United States</u>, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)). In <u>Descamps</u>, the Supreme Court determined that the California burglary statute is nondivisible and therefore the district court could not apply the modified categorical approach to the defendant's California burglary conviction. <u>Id.</u> at 2285-86.

The Eleventh Circuit has held, however, that <u>Descamps</u>, like <u>Apprendi</u>,[10] is not retroactively applicable to cases on collateral review. <u>See</u> <u>Wilson v. Warden, FCC Coleman</u>, No. 13-11560, 2014 WL 4345685, at *3 (11th Cir. Sept. 3, 2014) ("The Supreme Court itself has not expressly declared <u>Descamps</u> to be retroactive to cases on collateral review. Moreover, <u>Descamps</u> was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review."); <u>see also</u>, <u>United States v. Boykin</u>, 2014 WL 2459721 (N.D. Fla. 2014); <u>Johnson v. United States</u>, 2014 WL 2215772 (M.D. Fla. 2014); <u>see also United States v. Chapman</u>, __

---

[10]<u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).